UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Burberry Limited, Balenciaga SAS, Gianni
Versace, S.r.l., Hermès International, Louis
Vuitton Malletier, Michael Kors, L.L.C., and
Yves Saint Laurent SAS,

                            Plaintiffs,

          -against-

Various John Does, Jane Does, and XYZ
Companies,

                        Defendants.
----------------------------------------------------------------X

**ORDER**
24-CV-06372 (DG) (TAM)

DIANE GUJARATI, United States District Judge:

      On September 11, 2024, Plaintiffs Burberry Limited, Balenciaga SAS, Gianni Versace,

S.r.l., Hermès International, Louis Vuitton Malletier, Michael Kors, L.L.C., and Yves Saint

Laurent SAS (collectively, "Plaintiffs") commenced this action against various John Does, Jane

Does, and XYZ Companies (collectively, "Defendants"), alleging trademark counterfeiting in

violation of 15 U.S.C. § 1114; trademark infringement in violation of 15 U.S.C. § 1114; false

designations of origin, false descriptions and representations in violation of 15 U.S.C. § 1125(a);

federal trademark dilution in violation of 15 U.S.C. § 1125(c); injury to business reputation and

dilution in violation of New York General Business Law § 360-1; common law trademark

infringement; and misappropriation and unfair competition under New York common law.  *See*

*generally* Complaint, ECF No. 1.

      Also on September 11, 2024, Plaintiffs filed *ex parte* a Motion for Temporary

Restraining Order, Seizure Order, Substitute Custodian Order, Expedited Discovery Order, and

Order to Show Cause Bringing on Motion for Preliminary Injunction (the "Motion"), ECF No. 3,

together with supporting documents, including Plaintiffs' Memorandum of Law ("Pls.' Br."),

ECF No. 3-1, an Affidavit of Raymond Dowd, ECF No. 20, and Declarations of Robertson D.

Beckerlegge, ECF No. 4;[1] Jennifer Halter, ECF No. 5; Laura Felstead, ECF Nos. 6, 21; Jean-

Claude Masson, ECF No. 7; Eric Lacoma, ECF No. 8; Aude De Margerie, ECF No. 9; and

Valerie Budd, ECF No. 19.[2]

Plaintiffs request that the Court issue an order directing, *inter alia*, that pending the

hearing and determination of Plaintiffs' motion for preliminary injunction, Defendants, their

agents, servants, employees, officers, and all other persons in active concert or participation with

them be, without prior written or oral notice, temporarily restrained and enjoined from in any

manner, either directly or indirectly, committing any of the following acts:

1.  Using Plaintiffs' federally registered trademarks, including but not limited to

    those trademark registrations listed in the Appendix to this Order[3] ("Plaintiffs'

    Federally Registered Trademarks");

2.  Possessing, receiving, manufacturing, distributing, advertising, promoting,

    returning, offering for sale or otherwise disposing of in any manner, holding for

    sale or selling any goods including, but not limited to, clothing, labels, tags,

    handbags, logos, decals, emblems, signs, and other forms of markings, any

    packaging, wrappers, pouches, containers and receptacles, and any catalogs, price

---

[1] Together with the Declaration of Robertson D. Beckerlegge, Plaintiffs submitted various exhibits. *See* ECF No. 4-1.

[2] Also on September 11, 2024, Plaintiffs filed, *inter alia*, a Notice of Plaintiffs' Ex Parte Motion to File Action Under Seal, ECF No. 2; a Declaration of Robertson D. Beckerlegge in Support of Motion to File Action Under Seal, ECF No. 2-1; and a Proposed Order Sealing the File, ECF No. 2-2. Each of Plaintiffs' submissions to date has been filed *ex parte* and under seal. By Order dated September 12, 2024, Magistrate Judge Taryn A. Merkl granted Plaintiffs' motion at ECF No. 2.

[3] The Appendix to this Order is a copy of Exhibit A to the Complaint. *See* ECF No. 1-3.

lists, promotional materials and the like bearing a copy or colorable imitation of Plaintiffs' Federally Registered Trademarks;

3.      Using any logo, trade name, or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of Defendants are sponsored by, authorized by, or in any way associated with Plaintiffs;

4.      Infringing Plaintiffs' Federally Registered Trademarks;

5.      Otherwise unfairly competing with Plaintiffs;

6.      Falsely representing themselves as being connected with Plaintiffs or sponsored by or associated with Plaintiffs;

7.      Using any reproduction, counterfeit, copy, or colorable imitation of Plaintiffs' Federally Registered Trademarks in connection with the publicity, promotion, sale, or advertising of goods sold by Defendants including, but not limited to, clothing, labels, tags, handbags, logos, decals, emblems, signs, and other forms of markings, any packaging, wrappers, pouches, containers and receptacles, and any catalogs, price lists, promotional materials and the like bearing a copy or colorable imitation of Plaintiffs' Federally Registered Trademarks;

8.      Affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent such goods as being those of Plaintiffs and from offering such goods in commerce;

9.      Using any trademark or trade name in connection with the sale of any goods which may be calculated to falsely represent such goods as being connected with,

approved by or sponsored by Plaintiffs; and

10.     Destroying, altering, disposing of, concealing, tampering with or in any manner

        secreting any and all business records, invoices, correspondence, books of

        account, receipts or other documentation relating or referring in any manner to the

        manufacture, advertising, receiving, acquisition, importation, purchase, sale or

        offer for sale, or distribution of any merchandise bearing Plaintiffs' Federally

        Registered Trademarks.

*See* ECF No. 3 at 1-3.  The Motion also seeks a variety of other forms of relief, including orders

relating to seizure, substitution of custodian, and expedited discovery.  *See generally* ECF No. 3.

        For the reasons set forth below, the Motion, ECF No. 3, is GRANTED.

### Temporary Restraining Order

        "A party seeking a preliminary injunction must demonstrate: (1) 'a likelihood of success

on the merits or . . . sufficiently serious questions going to the merits to make them a fair ground

for litigation and a balance of hardships tipping decidedly in the plaintiff's favor'; (2) a

likelihood of 'irreparable injury in the absence of an injunction'; (3) that 'the balance of

hardships tips in the plaintiff's favor'; and (4) that the 'public interest would not be disserved' by

the issuance of an injunction."  *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d

Cir. 2015) (alteration in original) (quoting *Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir.

2010)).  The party seeking injunctive relief "need only show a likelihood of success on the merits

of at least one of [its] claims."  *Home It, Inc. v. Wen*, No. 19-CV-07070, 2020 WL 353098, at *5

(E.D.N.Y. Jan. 21, 2020) (quotation omitted).  In this Circuit, "the standard for an entry of a

[temporary restraining order] is the same as for a preliminary injunction."  *See Andino v. Fischer*,

555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) (citations omitted).  A plaintiff seeking a temporary

restraining order shall be entitled to a rebuttable presumption of irreparable harm upon a finding

of likelihood of success on the merits for a violation identified in 15 U.S.C. § 1116(a).  *See* 15

U.S.C. § 1116(a).  Pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure ("Rule

65(b)(1)"), a court "may issue a temporary restraining order without written or oral notice to the

adverse party or its attorney only if . . . specific facts in an affidavit or a verified complaint

clearly show that immediate and irreparable injury, loss, or damage will result to the movant

before the adverse party can be heard in opposition" and "the movant's attorney certifies in

writing any efforts made to give notice and the reasons why it should not be required."  *See* Fed.

R. Civ. P. 65(b)(1).

Having considered all of the filings to date in this action, including the Affidavit,

Declarations, and Exhibits, the Court concludes that Plaintiffs have shown a likelihood of

success on at least some of their claims – specifically, Plaintiffs have carried their burden of

demonstrating, at a minimum, a likelihood of success on their trademark counterfeiting and

trademark infringement claims.  *See* 15 U.S.C. § 1114.  Plaintiffs have also submitted evidence –

discussed below – demonstrating a likelihood of irreparable injury, including harm to Plaintiffs'

reputation, absent a temporary restraining order.  *See Juicy Couture, Inc. v. Bella Int'l Ltd.*, 930

F. Supp. 2d 489, 503 (S.D.N.Y. 2013) (noting that "[i]rreparable harm exists in a trademark case

when the party seeking the injunction shows that it will lose control over the reputation of its

trademark . . . because loss of control over one's reputation is neither 'calculable nor precisely

compensable'" (alteration in original) (quoting *U.S. Polo Ass'n, Inc. v. PRL USA Holdings Inc.*,

800 F. Supp. 2d 515, 540 (S.D.N.Y. 2011))); *see also U.S. Polo Ass'n, Inc. v. PRL USA

Holdings, Inc.*, 511 F. App'x 81, 85 (2d Cir. 2013) (recognizing that ceding "control over . . .

reputation and goodwill" can constitute irreparable harm in the trademark context).  The harm to

Plaintiffs that would result from a denial of the request for a temporary restraining order substantially outweighs any harm to Defendants that would result from a grant of the request. Issuance of the requested temporary restraining order is in the public interest, particularly in light of the likelihood of confusion.

At this stage and on the record before the Court, the Court concludes that a temporary restraining order is warranted.

The Court further concludes that Plaintiffs have met the requirements set forth in Rule 65(b)(1) such that a temporary restraining order may issue without written or oral notice to Defendants. *See* Fed. R. Civ. P. 65(b)(1); ECF No. 4 ¶¶ 4, 6-8, 10-11; *see generally* ECF No. 20. In his Declaration, Robertson D. Beckerlegge, counsel for Plaintiffs, *inter alia*, sets forth reasons why notice should not be required, including that "[i]n situations of clear infringement and counterfeiting," plaintiffs "can seldom secure meaningful relief since the infringing merchandise soon disappears and the true source of such merchandise often is never discovered" and that "[e]ven a short amount of time (as little as twelve hours) between the service of a temporary restraining order or notice of a preliminary injunction hearing and the actual conduct of such hearing typically results in the unavailability of records relating to the acquisition or disposition of counterfeit and/or infringing merchandise and the concomitant absence of most of the counterfeit and/or infringing merchandise itself," *see* ECF No. 4 ¶ 4; asserts that "[t]he evidence offered by Plaintiffs in support of this application clearly demonstrates that the issuance of a seizure order without notice is the only means of ensuring that additional evidence of Defendants' counterfeiting activities will be obtained and preserved," *see* ECF No. 4 ¶ 10; and argues that "this case presents those unusual circumstances which require the issuance of temporary restraining and seizure orders without notice," *see* ECF No. 4 ¶ 11. In his Affidavit,

Raymond Dowd, a private investigator, details his investigation in this matter – discussed below – and represents that based on his experience, knowledge, and expertise with the identification of counterfeit merchandise, it is his opinion and belief that the individuals operating out of the identified locations are currently engaged in the manufacture, sale, offering for sale, and/or distribution of counterfeit merchandise bearing some or all of the federally registered trademarks of Plaintiffs. *See generally* ECF No. 20.  The ongoing trademark infringement described in Plaintiffs' submissions will result in immediate and irreparable harm to Plaintiffs, including harm to Plaintiffs' reputations and lessened demand for items bearing Plaintiffs' trademarks. *See* ECF No. 4 ¶ 9; *see also* ECF Nos. 5 ¶ 14, 6 ¶ 13, 7 ¶ 10, 8 ¶ 10, 9 ¶ 10, 19 ¶ 10, 21 ¶ 10.

IT IS THEREFORE ORDERED that:

Defendants, their officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with them, shall, upon service of this Order, be immediately temporarily restrained, pursuant to Rule 65(b), from engaging in any or all of the following acts:

1.      Using Plaintiffs' Federally Registered Trademarks;

2.      Possessing, receiving, manufacturing, distributing, advertising, promoting, returning, offering for sale or otherwise disposing of in any manner, holding for sale or selling any goods including, but not limited to, clothing, labels, tags, handbags, logos, decals, emblems, signs, and other forms of markings, any packaging, wrappers, pouches, containers and receptacles, and any catalogs, price lists, promotional materials and the like bearing a copy or colorable imitation of Plaintiffs' Federally Registered Trademarks;

3.      Using any logo, trade name, or trademark which may be calculated to falsely

represent or which has the effect of falsely representing that the services or products of Defendants are sponsored by, authorized by, or in any way associated with Plaintiffs;

4.     Infringing Plaintiffs' Federally Registered Trademarks;

5.     Otherwise unfairly competing with Plaintiffs;

6.     Falsely representing themselves as being connected with Plaintiffs or sponsored by or associated with Plaintiffs;

7.     Using any reproduction, counterfeit, copy, or colorable imitation of Plaintiffs' Federally Registered Trademarks in connection with the publicity, promotion, sale, or advertising of goods sold by Defendants including, but not limited to, clothing, labels, tags, handbags, logos, decals, emblems, signs, and other forms of markings, any packaging, wrappers, pouches, containers and receptacles, and any catalogs, price lists, promotional materials and the like bearing a copy or colorable imitation of Plaintiffs' Federally Registered Trademarks;

8.     Affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent such goods as being those of Plaintiffs and from offering such goods in commerce;

9.     Using any trademark or trade name in connection with the sale of any goods which may be calculated to falsely represent such goods as being connected with, approved by or sponsored by Plaintiffs; and

10.     Destroying, altering, disposing of, concealing, tampering with or in any manner secreting any and all business records, invoices, correspondence, books of

account, receipts or other documentation relating or referring in any manner to the
manufacture, advertising, receiving, acquisition, importation, purchase, sale or
offer for sale, or distribution of any merchandise bearing Plaintiffs' Federally
Registered Trademarks.

IT IS FURTHER ORDERED that the Temporary Restraining Order as set forth in
numbered paragraphs (1) through (10) above shall be in effect for a period of 14 days from the
issuance of this Order, after which it shall expire absent further order of the Court.

## Seizure Order

15 U.S.C. § 1116(d)(1)(A) provides, in relevant part, that in a civil action "with respect to
a violation that consists of using a counterfeit mark in connection with the sale, offering for sale,
or distribution of goods or services," a court may, upon *ex parte* application, grant an order
"providing for the seizure of goods and counterfeit marks involved in such violation and the
means of making such marks, and records documenting the manufacture, sale, or receipt of
things involved in such violation."  Seven statutory criteria must be met before a court can grant
an *ex parte* seizure order under 15 U.S.C. § 1116.  *See* 15 U.S.C. § 1116(d)(4)(B).  The Court
must find that it clearly appears from specific facts that: (i) an order other than an *ex parte*
seizure order is not adequate to achieve the purposes of 15 U.S.C. § 1114; (ii) the applicant has
not publicized the requested seizure; (iii) the applicant is likely to succeed in showing that the
person against whom seizure would be ordered used a counterfeit mark in connection with the
sale, offering for sale, or distribution of goods or services; (iv) an immediate and irreparable
injury will occur if such seizure is not ordered; (v) the matter to be seized will be located at the
place identified in the application; (vi) the harm to the applicant of denying the application
outweighs the harm to the legitimate interests of the person against whom seizure would be

ordered of granting the application; and (vii) the person against whom seizure would be ordered, or persons acting in concert with such person, would destroy, move, hide, or otherwise make such matter inaccessible to the court, if the applicant were to proceed on notice to such person. *See* 15 U.S.C. § 1116(d)(4)(B).

Plaintiffs allege that "Defendants in this action consistently and repeatedly conduct their illegal business . . . in the city and State of New York at the following locations: 1113 Brighton Beach Ave., Brooklyn, N.Y., 11235; 37-08 Main St., Flushing, N.Y., 11354; 135-10 37th Ave., Flushing, N.Y., 11354; 136-37 Roosevelt Ave., Flushing, N.Y., 11354; Ford Van (License Plate No. LGH 3716), Near Flatlands Ave. and Berriman St.; Bay 25th St. and Bath Ave., Brooklyn, N.Y. 11214" and that "[a]t these locations, Defendants engage in the manufacture, distribution, sale and/or offering for sale of unauthorized merchandise bearing counterfeits and/or infringements of Plaintiffs' Federally Registered Trademarks as fully set forth in Plaintiffs' Declarations." *See* Pls.' Br. at 3-4.  Plaintiffs assert that "[i]t is unclear at this time whether Defendants operate at these locations jointly or separately" and that "[t]he nature of some of these locations make them difficult to identify as covers for illegal counterfeiting operations because they are an unsuspecting, parked vehicle and min-storage facility but are actually covers for Defendants' illicit operations." *See* Pls.' Br. at 3.  Plaintiffs represent that they "have become aware of Defendants' counterfeiting activity by way of operations conducted by their investigator," Raymond Dowd.  *See* Pls.' Br. at 4 (noting that "[a]t the request of Plaintiffs, in July 2024, Mr. Dowd supervised undercover informants' observations and purchases of counterfeit merchandise bearing Plaintiffs' Federally Registered Trademarks from Defendants at these locations in Brooklyn;" that "[t]he undercover informants observed counterfeit merchandise offered for sale bearing Plaintiffs' Federally Registered Trademarks;" that "[t]he

undercover informants also purchased sample counterfeit merchandise;" and that "Mr. Dowd confirmed the purchased merchandise was counterfeit"); *see also generally* ECF No. 20.

Plaintiffs argue that "[t]o prevent further unquantifiable damage to Plaintiffs' reputations and future sales, it is necessary to end the distribution of counterfeit and infringing merchandise by Defendants at the above locations."  *See* Pls.' Br. at 4; *see also* ECF No. 4 ¶ 9 (arguing that "unless the sale of infringements of Plaintiffs' merchandise is immediately stopped, Plaintiffs will suffer immediate and irreparable harm to their reputations and the demand for items bearing Plaintiffs' trademarks will be lessened").  Plaintiffs assert that "the issuance of a seizure order without notice is the only means of ensuring that additional evidence of Defendants' counterfeiting activities will be obtained and preserved," *see* ECF No. 4 ¶ 10, and that "Plaintiffs have not publicized this action, have not disclosed the names of Defendants in this case, and have not publicly revealed that this action is contemplated," *see* ECF No. 4 ¶ 13.  Plaintiffs further argue, *inter alia*, that they will succeed on the merits of this action, *see* Pls.' Br. at 7-20; that the irreparable harm to Plaintiffs greatly outweighs any hypothetical injury to Defendants, *see* Pls.' Br. at 6-7; and that Plaintiffs' prosecution of this action will be rendered futile if Defendants receive notice of the pendency of this action prior to execution of the seizure order, *see* Pls.' Br. at 20-22 (noting that "[c]ounsel's years of experience in policing intellectual property infringement have established that an infringer rarely turns over more than a token number of infringing products if notice is given and he has a chance to dispose of or hide his merchandise" and that "[m]ore importantly, the information documenting the extent of Defendants' manufacture and/or distribution of these counterfeit products might also be concealed should notice be issued").  Counsel for Plaintiffs represents that "[p]ursuant to 15 U.S.C. § 1116(d)(2), the United States Attorney for this District has been informed by letter of

Plaintiffs' application for such order without notice directing the seizure of Defendants' counterfeits of Plaintiffs' merchandise and all records relating thereto."  *See* ECF No. 4 ¶ 12; *see also* ECF No. 4-1 at 59.

* * *

The Court concludes that Plaintiffs have met the requirements set forth in 15 U.S.C. § 1116(d)(4)(B) such that a Seizure Order may issue.  *See* 15 U.S.C. § 1116(d).  The Court finds that it clearly appears from specific facts that:

1.   An order other than an *ex parte* seizure order is not adequate to achieve the purposes of 15 U.S.C. § 1114;

2.   Plaintiffs have not publicized the requested seizure;

3.   Plaintiffs are likely to succeed in showing that the person(s) against whom seizure would be ordered used a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services;

4.   An immediate and irreparable injury will occur if such seizure is not ordered;

5.   The matter to be seized will be located at the places identified in the application, specifically: 1113 Brighton Beach Ave., Brooklyn, N.Y. 11235; 37-08 Main St., Flushing, N.Y. 11354; 135-10 37th Ave., Flushing, N.Y. 11354; 136-37 Roosevelt Ave., Flushing, N.Y. 11354; Ford Van (License Plate No. LGH 3716), Near Flatlands Ave. and Berriman St.; Bay 25th St. and Bath Ave., Brooklyn, N.Y. 11214 (including but not limited to any area within reasonable proximity to the locations identified above where there is reasonable cause to believe that counterfeits of Plaintiffs' merchandise are sold, offered for sale, distributed, assembled, manufactured or stored, including any vehicles in the possession,

12

custody, or control of Defendants);

6.      The harm to Plaintiffs of denying the application outweighs the harm to the

legitimate interests of Defendants of granting the application; and

7.      Defendants, or persons acting in concert with them, would destroy, move, hide or

otherwise make inaccessible to the Court the matters which are subject to the

seizure order if Plaintiffs are required to proceed on notice to Defendants.

Additionally, it appears that Plaintiffs have given the United States Attorney for this

District notice of Plaintiffs' application for a seizure order without notice pursuant to 15 U.S.C.

§ 1116(d)(2).

IT IS THEREFORE ORDERED that:

The United States Marshal for the Eastern District of New York; the City of New York,

Office of the Sheriff; or a local law enforcement officer having jurisdiction (collectively,

"Federal/Local Law Enforcement"), assisted by one or more attorneys or agents of Plaintiffs

("Plaintiffs' Representatives"), is directed to seize and sequester or impound the following in the

possession, custody, or control of Defendants:

1.      All merchandise bearing any copy or counterfeit of Plaintiffs' Registered

Trademarks or any markings substantially indistinguishable therefrom;

2.      All labels, tags, logos, emblems, signs, and other forms of markings, all

packaging, wrappers, pouches, containers and receptacles, and all advertisements,

catalogs, price lists, guarantees, promotional materials and the like bearing any

copy or counterfeit of Plaintiffs' Federally Registered Trademarks or any

designation that is identical with, or substantially indistinguishable therefrom, and

all plates, molds, dies, tooling, machinery, assembly equipment and other means

of making the same; and

3.    All records documenting:

a.    Defendants' manufacture, sale, or receipt of merchandise bearing the
above-referenced trademarks either by reference to such trademarks or by
style or code number or otherwise; and

b.    Defendants' manufacture, sale, or receipt of any labels, tags, logos, decals,
emblems, signs, and other forms of markings, any packaging, wrappers,
pouches, containers and receptacles, and any catalogs, price lists,
guarantees, promotional materials and the like bearing the above-
referenced trademarks, either by reference to such trademarks or by style
or code number or otherwise; at the following locations:

    i.     1113 Brighton Beach Ave., Brooklyn, N.Y. 11235

    ii.    37-08 Main St., Flushing, N.Y. 11354

    iii.   135-10 37th Ave., Flushing, N.Y. 11354

    iv.    136-37 Roosevelt Ave., Flushing, N.Y. 11354

    v.     Ford Van (License Plate No. LGH 3716), Near Flatlands
           Ave. and Berriman St.; Bay 25th St. and Bath Ave., Brooklyn,
           N.Y. 11214

(including but not limited to any area within reasonable proximity to the
locations identified above where there is reasonable cause to believe that
counterfeits of Plaintiffs' merchandise are sold, offered for sale,
distributed, assembled, manufactured or stored, including any vehicles in
the possession, custody, or control of Defendants).

IT IS FURTHER ORDERED that upon receipt of this Order, Federal/Local Law

Enforcement is authorized and directed to take any and all necessary actions, including but not

limited to the use of reasonable force, and shall have the right to enter and remain on the premises, which includes, but is not limited to, the land, the buildings, vehicles, and any structures located thereon, for the purpose of executing this Order; and

IT IS FURTHER ORDERED that Plaintiffs provide in advance of each and every execution of this Order an advance deposit to Federal/Local Law Enforcement of any and all estimated fees and costs, as determined by Federal/Local Law Enforcement; and

IT IS FURTHER ORDERED that Plaintiffs shall provide a person or persons capable of determining whether or not an item is covered by the preceding numbered paragraphs of the Seizure Order, and Federal/Local Law Enforcement shall follow such person or persons' determination in the seizure; and

IT IS FURTHER ORDERED that Federal/Local Law Enforcement shall transfer possession of all such seized merchandise and materials to Plaintiffs' Representatives at a secure facility as substitute custodians for the Court, upon their authorized signature on behalf of Plaintiffs on all proper receipts, pending further order of the Court, and that Plaintiffs' Representatives, in their role as substitute custodians for the Court, shall not destroy the seized merchandise and materials absent further order of the Court; and

IT IS FURTHER ORDERED that Plaintiffs' Representatives shall promptly inspect the items seized, and if any items are found to be genuine products, such items are to be returned to Defendants within seven (7) business days of the date this Order is executed; and

IT IS FURTHER ORDERED that Defendants show cause before the Court on the date and place set forth below as to why an order should not be entered, pursuant to 15 U.S.C. § 1116(d)(l)(A) and Fed. R. Civ. P. 65(b), confirming the seizure authorized herein; and

IT IS FURTHER ORDERED that although Plaintiffs' counsel or its agents may

photocopy and review any books and records seized pursuant to this Order, they may not

disclose any trade secrets or other confidential information contained in such books and records

to Plaintiffs or any other person pending the hearing set by this Order, detailed below; and

IT IS FURTHER ORDERED that the search, seizure, and sequestration ordered herein

may be photographed and/or videotaped for the purpose of authenticating and assisting in the

obtaining of evidence and to prevent subsequent controversy concerning the events occurring

during such search, seizure, and sequestration and/or impoundment; and

IT IS FURTHER ORDERED that upon each and every execution of this Order,

Plaintiffs' Representatives shall prepare and sign, and Federal/Local Law Enforcement shall

confirm and sign, an inventory of all items seized pursuant to this Order, noting, *inter alia*, the

date and location of each seizure, and a brief description of all items seized, and that

Federal/Local Law Enforcement file a return to the Court upon each and every execution of this

Order with a copy of the pertinent above-referenced inventory signed by Plaintiffs'

representatives and Federal/Local Law Enforcement; and

IT IS FURTHER ORDERED that Plaintiffs, on behalf of themselves, their officers,

employees, principals and assigns ("Plaintiffs' Group"), hereby release any and all claims,

demands, rights, and causes of action of any kind, whether known or unknown, arising from any

and all known or unknown, foreseen or unforeseen causes, which they may have or hereafter

acquire against the United States of America, the State of New York, and/or the City of New

York, whichever is involved in the execution of this Order, as well as its agencies, agents,

officers, or employees, arising from the execution of this Order to the extent that the underlying

acts or omissions were performed, precipitated, sanctioned, or condoned by Plaintiffs' Group;

and

IT IS FURTHER ORDERED that Federal/Local Law Enforcement is not an agent of Plaintiffs when executing this Order, but is instead acting under the authority and at the direction of the Court.  Accordingly, Plaintiffs are not responsible for any acts performed by Federal/Local Law Enforcement without their knowledge, direction, consent, or control that exceed the scope and/or intent of this Order; and

IT IS FURTHER ORDERED that, pursuant to 15 U.S.C. § 1116(d)(5)(C), any seizures authorized under this Order shall be made within seven (7) days of the date of issuance of this Order.

## Expedited Discovery

IT IS FURTHER ORDERED that pursuant to 15 U.S.C. § 1116(d)(10)(B) and Rules 30 and 34 of the Federal Rules of Civil Procedure, Plaintiffs be given expedited discovery of Defendants with respect to the manufacture, sale, or receipt of merchandise, containers, handbags, sunglasses, or other products and labels bearing Plaintiffs' Federally Registered Trademarks including discovery of the source thereof, the creation of such trademarks, the quantity of goods bearing such trademarks ordered, in inventory and sold by Defendants, and other matters relevant to this action and that such discovery shall take place no later than one (1) day prior to the hearing scheduled herein.

## Service

IT IS FURTHER ORDERED that personal service of the Summons and Complaint, of this Order, and of the Declarations and/or Affidavit in support of this Order may be made on Defendants by leaving copies of the same at the locations specified above or by hand-delivering copies of the same to individuals at the locations specified above during the execution of the Seizure Order, and that such service shall be deemed sufficient service; and

IT IS FURTHER ORDERED that service of the documents referenced in the prior paragraph shall be completed, either in accordance with the prior paragraph or the Federal Rules of Civil Procedure, within one week of the date of this Order; and

IT IS FURTHER ORDERED that Plaintiffs may redact service copies of the Summons and Complaint, of this Order, and of the Declarations and/or Affidavit in support of this Order to remove information identifying any other Defendants, including but not limited to Defendants' addresses, to prevent premature disclosure of the locations identified in this Order and the papers filed in support of this Order.

## Bond

IT IS FURTHER ORDERED that within three business days of the issuance of this Order, Plaintiffs shall post an undertaking with the Clerk of Court in the form of a bond, cash, or check in the amount of $25,000 as security to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained, or as a result of a wrongful seizure and/or impoundment or wrongfully attempted seizure and/or impoundment.

## Hearing

IT IS FURTHER ORDERED that Defendants shall appear before the Court on **September 24, 2024 at 3:00 p.m.** in Courtroom 4B South, United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201 to show cause as to why a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, should not be issued enjoining Defendants in the manner set forth above for the duration of this litigation; and

IT IS FURTHER ORDERED that at the hearing set in the preceding paragraph, Defendants shall also show cause as to why an order should not be entered, pursuant to 15

U.S.C. § 1116(d)(l)(A) and Rule 65, confirming the seizure authorized herein; and

IT IS FURTHER ORDERED that Defendants may seek relief prior to the hearing scheduled above; and

IT IS FURTHER ORDERED that copies of the documents filed in this action in support of this Order, but not served, be furnished to Defendants or their counsel upon request; and

IT IS FURTHER ORDERED that Defendants' answering papers, if any, be filed with the Court and served on Plaintiffs' counsel, Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, New York 10111, Attn: Robertson D. Beckerlegge Esq., on or before September 20, 2024. Plaintiffs shall file and serve on Defendants any reply by September 23, 2024; and

IT IS FURTHER ORDERED that Defendants are hereby put on notice that failure to attend the hearing scheduled herein may result in the immediate issuance of a preliminary injunction, which may be deemed to take effect immediately upon the expiration or dissolution of the Temporary Restraining Order herein, and shall extend during the pendency of this action the same injunctive relief previously granted by the Temporary Restraining Order; and

IT IS FURTHER ORDERED that Defendants are hereby put on notice that failure to attend the hearing scheduled herein may result in the confirmation of the seizure authorized herein.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Issued:  September 13, 2024 at 10:15 p.m.
　　　　　Brooklyn, New York