UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Burberry Limited, Balenciaga SAS, Gianni
Versace, S.r.l., Hermès International, Louis
Vuitton Malletier, Michael Kors, L.L.C., and
Yves Saint Laurent SAS,

                                                                             **ORDER**
                                                                      24-CV-06372 (DG) (TAM)

                         Plaintiffs,

        -against-

Various John Does, Jane Does, and XYZ
Companies,

                        Defendants.
-----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

       On September 11, 2024, Plaintiffs Burberry Limited, Balenciaga SAS, Gianni Versace, S.r.l., Hermès International, Louis Vuitton Malletier, Michael Kors, L.L.C., and Yves Saint Laurent SAS (collectively, "Plaintiffs") commenced this action against various John Does, Jane Does, and XYZ Companies (collectively, "Defendants"), alleging trademark counterfeiting in violation of 15 U.S.C. § 1114; trademark infringement in violation of 15 U.S.C. § 1114; false designations of origin, false descriptions and representations in violation of 15 U.S.C. § 1125(a); federal trademark dilution in violation of 15 U.S.C. § 1125(c); injury to business reputation and dilution in violation of New York General Business Law § 360-1; common law trademark infringement; and misappropriation and unfair competition under New York common law. *See generally* Complaint, ECF No. 1.

       Also on September 11, 2024, Plaintiffs filed *ex parte* a Motion for Temporary Restraining Order, Seizure Order, Substitute Custodian Order, Expedited Discovery Order, and Order to Show Cause Bringing on Motion for Preliminary Injunction (the "Motion"), ECF No. 3, together with supporting documents, including Plaintiffs' Memorandum of Law, ECF No. 3-1,

an Affidavit of Raymond Dowd, ECF No. 20, and Declarations of Robertson D. Beckerlegge, ECF No. 4;[1] Jennifer Halter, ECF No. 5; Laura Felstead, ECF Nos. 6, 21; Jean-Claude Masson, ECF No. 7; Eric Lacoma, ECF No. 8; Aude De Margerie, ECF No. 9; and Valerie Budd, ECF No. 19.[2]

Through the Motion, Plaintiffs requested that the Court issue an order directing, *inter alia*, that pending the hearing and determination of Plaintiffs' motion for preliminary injunction, Defendants, their agents, servants, employees, officers, and all other persons in active concert or participation with them be, without prior written or oral notice, temporarily restrained and enjoined from committing certain acts. *See* ECF No. 3 at 1-3. The Motion also sought a variety of other forms of relief, including orders relating to seizure, substitution of custodian, and expedited discovery. *See generally* ECF No. 3.

By Order dated September 13, 2024, the Court, having considered all of the filings then before the Court in this action, including the Affidavit, Declarations, and Exhibits, granted the Motion and ordered Plaintiffs to post an undertaking with the Clerk of Court in the form of a bond, cash, or check in the amount of $25,000. *See* ECF No. 23.[3]

In the September 13, 2024 Order, the Court set forth the applicable law with respect to obtaining a preliminary injunction and/or temporary restraining order, noting that in this Circuit,

---

[1] Together with the Declaration of Robertson D. Beckerlegge, Plaintiffs submitted various exhibits. *See* ECF No. 4-1.

[2] Also on September 11, 2024, Plaintiffs filed, *inter alia*, a Notice of Plaintiffs' Ex Parte Motion to File Action Under Seal, ECF No. 2; a Declaration of Robertson D. Beckerlegge in Support of Motion to File Action Under Seal, ECF No. 2-1; and a Proposed Order Sealing the File, ECF No. 2-2. Each of Plaintiffs' submissions was filed *ex parte* and under seal. By Order dated September 12, 2024, Magistrate Judge Taryn A. Merkl granted Plaintiffs' motion at ECF No. 2.

[3] Plaintiffs timely posted a bond in the amount of $25,000. *See* ECF No. 24.

2

the standard for entry of a temporary restraining order is the same as for a preliminary injunction, and the Court concluded that a temporary restraining order was warranted.  *See* ECF No. 23 at 4-6.  The Court concluded that Plaintiffs had shown a likelihood of success on at least some of their claims – specifically, Plaintiffs had carried their burden of demonstrating, at a minimum, a likelihood of success on their trademark counterfeiting and trademark infringement claims; that Plaintiffs had submitted evidence demonstrating a likelihood of irreparable injury, including harm to Plaintiffs' reputation, absent a temporary restraining order; that the harm to Plaintiffs that would result from a denial of the request for a temporary restraining order substantially outweighed any harm to Defendants that would result from a grant of the request; and that issuance of the requested temporary restraining order was in the public interest, particularly in light of the likelihood of confusion.  *See* ECF No. 23 at 5-6.

In the September 13, 2024 Order, the Court also set forth the criteria that must be met before a court can grant an *ex parte* seizure order under 15 U.S.C. § 1116 and the Court concluded that Plaintiffs had met the requirements set forth in 15 U.S.C. § 1116(d)(4)(B) such that a Seizure Order may issue, additionally noting that it appeared that Plaintiffs had given the United States Attorney for this District notice of Plaintiffs' application for a seizure order without notice pursuant to 15 U.S.C. § 1116(d)(2).  *See* ECF No. 23 at 9-13.

The September 13, 2024 Order, which was issued without notice to Defendants but subsequently served on Defendants, *see* ECF No. 25-2 ¶ 5 (Declaration of Robertson D. Beckerlegge), directed that "Defendants shall appear before the Court on **September 24, 2024 at 3:00 p.m.** in Courtroom 4B South, United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201 to show cause as to why a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, should not

3

be issued enjoining Defendants in the manner set forth [in the September 13, 2024 Order] for the duration of this litigation;" directed that "at the hearing [scheduled for September 24, 2024 at 3:00 p.m.], Defendants shall also show cause as to why an order should not be entered, pursuant to 15 U.S.C. § 1116(d)(l)(A) and Rule 65, confirming the seizure authorized [in the September 13, 2024 Order];" set forth that "Defendants are hereby put on notice that failure to attend the hearing . . . may result in the immediate issuance of a preliminary injunction, which may be deemed to take effect immediately upon the expiration or dissolution of the Temporary Restraining Order . . . and shall extend during the pendency of this action the same injunctive relief previously granted by the Temporary Restraining Order;" and set forth that "Defendants are hereby put on notice that failure to attend the hearing . . . may result in the confirmation of the seizure authorized [in the September 13, 2024 Order]." *See* ECF No. 23 at 18-19.

By letter dated September 20, 2024 and filed on September 23, 2024, Plaintiffs, *inter alia*, informed the Court of the seizure of counterfeit merchandise on September 18, 2024 at all five locations identified in the September 13, 2024 Order. *See* ECF No. 25; *see also* ECF No. 25-2.

On September 24, 2024, Plaintiffs appeared at the show cause hearing. *See* Minute Entry dated September 24, 2024. No Defendant appeared. *See* Minute Entry dated September 24, 2024. Nor did any Defendant file an opposition or seek an adjournment of the hearing. *See generally* docket. At the hearing, discussion was held regarding Plaintiffs' request for a preliminary injunction and request to confirm the Seizure Order. *See* Minute Entry dated September 24, 2024.[4]

---

[4] In addition, the Court ordered that the case be unsealed in its entirety. *See* Minute Entry dated September 24, 2024.

Upon consideration of the record to date, including the facts set forth by Plaintiffs at the show cause hearing and the lack of opposition, and for the reasons set forth in the September 13, 2024 Order, ECF No. 23, Plaintiffs' requests are GRANTED as set forth below.

### Preliminary Injunction

IT IS ORDERED that:

Defendants, their officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with them are, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, preliminarily enjoined, during the pendency of this action, from engaging in any or all of the following acts:

1. Using Plaintiffs' federally registered trademarks, including but not limited to those trademark registrations listed in the Appendix to this Order[5] ("Plaintiffs' Federally Registered Trademarks");

2. Possessing, receiving, manufacturing, distributing, advertising, promoting, returning, offering for sale or otherwise disposing of in any manner, holding for sale or selling any goods including, but not limited to, clothing, labels, tags, handbags, logos, decals, emblems, signs, and other forms of markings, any packaging, wrappers, pouches, containers and receptacles, and any catalogs, price lists, promotional materials and the like bearing a copy or colorable imitation of Plaintiffs' Federally Registered Trademarks;

3. Using any logo, trade name, or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of Defendants are sponsored by, authorized by, or in any way associated

---

[5] The Appendix to this Order is a copy of Exhibit A to the Complaint. See ECF No. 1-3.

with Plaintiffs;

4. Infringing Plaintiffs' Federally Registered Trademarks;

5. Otherwise unfairly competing with Plaintiffs;

6. Falsely representing themselves as being connected with Plaintiffs or sponsored by or associated with Plaintiffs;

7. Using any reproduction, counterfeit, copy, or colorable imitation of Plaintiffs' Federally Registered Trademarks in connection with the publicity, promotion, sale, or advertising of goods sold by Defendants including, but not limited to, clothing, labels, tags, handbags, logos, decals, emblems, signs, and other forms of markings, any packaging, wrappers, pouches, containers and receptacles, and any catalogs, price lists, promotional materials and the like bearing a copy or colorable imitation of Plaintiffs' Federally Registered Trademarks;

8. Affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent such goods as being those of Plaintiffs and from offering such goods in commerce;

9. Using any trademark or trade name in connection with the sale of any goods which may be calculated to falsely represent such goods as being connected with, approved by or sponsored by Plaintiffs; and

10. Destroying, altering, disposing of, concealing, tampering with or in any manner secreting any and all business records, invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receiving, acquisition, importation, purchase, sale or

offer for sale, or distribution of any merchandise bearing Plaintiffs' Federally Registered Trademarks.

### Seizure

IT IS FURTHER ORDERED that, pursuant to 15 U.S.C. § 1116(d) and Rule 65, the Seizure Order is confirmed.

### Service

IT IS FURTHER ORDERED that Plaintiffs shall serve this Order on Defendants and file proof of service by September 27, 2024.

### Bond

IT IS FURTHER ORDERED that the $25,000 bond posted by Plaintiffs, *see* ECF No. 24, shall remain with the Court during the pendency of this action or until the Preliminary Injunction is terminated.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Issued: September 24, 2024
Brooklyn, New York